**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60074-STRAUSS**

**CARLOS ALBERTO OCAMPO,**

      Plaintiff,

v.

**ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,**

      Defendant.

_____/

**ORDER REGARDING MAGISTRATE JUDGE JURISDICTION**

Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including to conduct all proceedings and order the entry of judgment. As set forth in the Administrative Order:

> Any party who objects to the assignment of a Magistrate Judge as the presider may opt out by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge. Upon receipt of an order granting the motion for reassignment, the Clerk will randomly reassign the case to a District Judge following the Court's standard civil case assignment procedures, keeping the original Magistrate Judge assigned to the case.

Each party has the right to have a United States District Judge preside over this case. The Undersigned may only preside over the case with the voluntary consent of all parties. Any party is free to consent or to withhold consent and to request that this case be reassigned to a United States District Judge. If all parties consent to have the case handled by a U.S. Magistrate Judge, then the Undersigned will enter all orders, preside over any trial, and render a final decision and judgment in due course. Any appeal of this judgment must be taken directly to the Eleventh Circuit Court of Appeals. As described in the Administrative Order, if any of the parties do not consent, then the Undersigned will remain assigned to the case and preside over any matters referred by the

District Judge, who will enter a final decision and, if appropriate, a judgment. An appeal from that judgment is taken to the Eleventh Circuit. If any party withholds consent, there will be no adverse substantive consequences.

Therefore, it is **ORDERED and ADJUDGED** that, on or before **January 27, 2026**, Plaintiff[1] **must** file **either**:

(1) a **Notice of Consent** stating the following: In accordance with 28 U.S.C. § 636(c), Plaintiff hereby waives the right to proceed before a United States District Judge of this Court and consents to have Magistrate Judge Strauss conduct any and all further proceedings in the case (including the trial) and order the entry of judgment; **OR**

(2) a **Motion for Case Reassignment** stating the following: Plaintiff objects to the assignment of a Magistrate Judge as the presider and requests that this case be randomly reassigned to a United States District Judge.

If Plaintiff fails to file either a Notice of Consent **or** Motion for Case Reassignment **by January 27, 2026**, Plaintiff will be deemed to have consented to the undersigned Magistrate Judge conducting all proceedings in this case and ordering the entry of judgment.[2]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of January 2026.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[1] Any defendant who has not yet appeared shall have the opportunity to consent or object within 14 days of filing its first document with the Court.

[2] *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after [the party] ha[s] been told of [the party's] right to be tried by a district judge").